**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **JARIEM GROOVER,** ***individually and on behalf of all others similarly situated***<br>4017 Blakiston Street, Apt. 23<br>Philadelphia, PA 19136<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KAY'S TRANSPORT, INC.**<br>1206 Raritan Avenue<br>Highland Park, NJ 08904<br><br>**Defendant.** | : | CIVIL ACTION NO. ____________<br><br>***JURY TRIAL DEMANDED*** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Jariem Groover ("Plaintiff") hereby brings this action against Defendant Kay's Transport, Inc. ("Defendant"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this complaint contending that Defendant unlawfully failed to pay him and other similarly-situated individual employed in the position of Driver or in positions with similar job duties overtime compensation owed pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*

2. Defendant unlawfully misclassified Plaintiff and other similarly-situated employees as independent contractors, but they were actually employees pursuant to the FLSA and NJWHL.

3. Further, Plaintiff and other similarly-situated employees regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that they were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

4. Accordingly, Plaintiff contends that he and other similarly-situated employees are owed overtime compensation which were denied to them as a result of Defendant's unlawful misclassification and pay practices.

5. Plaintiff brings this action as a representative action under the FLSA and NJWHL for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

6. Additionally, Plaintiff contends that Defendant violated the FLSA by discriminating against and terminating him in retaliation for engaging in protected activity under the FLSA and NJWHL. Specifically, Defendant terminated Plaintiff's employment because he complained of Defendant's unlawful misclassification and failure to pay overtime compensation.

7. Furthermore, Plaintiff contends violated the New Jersey Earned Sick Leave Law, N.J.S.A. 34:11D-1 *et seq.* by discriminating against and terminating him in retaliation for using earned sick leave.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

9. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

11. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant does business herein and the unlawful practices of which Plaintiff is complaining were committed herein.

**PARTIES**

12. Plaintiff Jariem Groover is a citizen of the United States and Pennsylvania who currently resides at 4017 Blakiston Street, Apt. 23, Philadelphia, PA 19136.

13. Upon information and belief, Defendant Kay's Transport, Inc. is a New Jersey company that maintains a principal place of business in Elizabeth, NJ and also conducts business at 1210 Raritan Avenue, Highland Park, NJ 08904.

14. Upon information and belief, Defendant performs business functions and services at various locations and/or jobsites throughout New Jersey and Pennsylvania.

15. Upon information and belief, Defendant, in the past 3 years, has had annual dollar volume of sales or business done of at least $500,000, and employed multiple employees (including, but not limited to Plaintiff) engaged in commerce within the meaning of the FLSA.

16. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

17. Paragraphs 1 through 16 are hereby incorporated by reference as though the same were fully set forth at length herein.

18. This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

19. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Driver, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years, who were paid on a day rate basis and denied overtime compensation for all hours worked over forty (40) in a workweek ("FLSA Plaintiffs"). Plaintiff contends that he and the FLSA Class Plaintiffs were denied overtime compensation and wages due to Defendant's policy and practice of misclassifying its Drivers as independent contractors under the FLSA.

20. Plaintiff estimates that there are in excess of thirty (30) other similarly situated Drivers who either are working or worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described herein. The precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and/or personnel records. The FLSA Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

21. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the FLSA Plaintiffs are similarly-situated. Plaintiff and the FLSA Plaintiffs were similarly denied or overtime compensation at their regular rate of pay as a result of Defendant's misclassification of them as independent contractors, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices,

and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay the FLSA Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted the FLSA Plaintiffs in the same fashion.

22. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## NJWHL CLASS ACTION ALLEGATIONS

23. Paragraphs 1 through 23 are hereby incorporated by reference as though the same were fully set forth at length herein.

24. Plaintiff brings this action individually, and on behalf of the following statewide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant at any point during the past six (6) years in the position of Driver or in positions with similar job duties who were paid on a day rate basis and were denied overtime compensation for work performed in excess of forty (40) hours in a workweek ("NJ Class Plaintiffs").

25. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

26. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are question of law and fact common to the NJ Class Plaintiffs, including but not limited to:

a. Whether Defendant improperly classified Plaintiff and the NJ Class Plaintiffs as independent contractors rather than employees under the NJWHL;

b. Whether Plaintiff and the NJ Class Plaintiffs are entitled to overtime compensation pursuant to the NJWHL;

c. Whether Defendant failed to pay Plaintiff and the NJ Class Plaintiffs overtime compensation owed pursuant to the NJWHL;

d. Whether Plaintiff and the NJ Class Plaintiffs were based in New Jersey for purposes of coverage under the NJWHL;

e. Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

f. Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

27. Plaintiff's claims are typical of the claims of the NJ Class members. Plaintiff was an employee of Defendant employed in the position of Driver who has suffered similar injuries as those suffered by the NJ Class Plaintiffs as a result of Defendant's failure to pay overtime compensation. Defendant's conduct of violating the NJWHL has affected Plaintiff and NJ Class Plaintiffs in the exact same way.

28. Plaintiff will fairly and adequately represent and protect the interests of the NJ Class Plaintiffs. Plaintiff is similarly situated to the NJ Class Plaintiffs and has no conflict with the NJ Class members.

29. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

30. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

a. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

b. Defendant, by failing to pay overtime compensation in violation of the NJWHL, have acted or refused to act on grounds generally applicable to the NJ Class Plaintiffs, thereby making equitable relief appropriate with respect to the Class as a whole; and

c. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

31. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying

adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the NJ Class Plaintiffs to protect his or her interests.

## FACTUAL BACKGROUND

32. Paragraphs 1 through 31 are hereby incorporated by reference as though the same were fully set forth at length herein.

33. Defendant provides delivery, courier, and warehouse services to clients in New Jersey and Pennsylvania.

34. To provide these services, Defendant employs Drivers to provide transport and deliver goods for Defendant's clients.

35. Plaintiff worked for Defendant as a Driver from approximately November 6, 2021 until July 27, 2025.

36. Defendant assigned Plaintiff to work the "G Route," which involved transporting goods from Cherry Hill, NJ to Defendant's client, ExpressIt, in Philadelphia, Pennsylvania.

37. Plaintiff's work day generally began at approximately 6:30 AM and ended at approximately 5:30 PM, and Plaintiff typically worked five (5) days per week.

38. Plaintiff thus worked approximately fifty-five (55) hours per workweek throughout his employment with Defendant.

39. Defendant paid Plaintiff a day rate of $180/d for each day he worked.

40. However, Defendant did not provide Plaintiff with overtime compensation for the hours he worked each week over forty (40).

41. Upon information and belief, Defendant likewise paid other Drivers the same day rate Plaintiff received and did not provide them overtime compensation when they worked more than forty (40) hours in a workweek.

42. Plaintiff worked full-time and exclusively for Defendant, and Defendant set Plaintiff's schedule, hours, and pay.

43. Defendant controlled and directed the work Plaintiff performed as a Driver.

44. Plaintiff's work as a Driver was integral to and within the usual course of Defendant's business.

45. Defendant provided Plaintiff with training and equipment to enable him to perform his job duties as a Driver.

46. Likewise, upon information and belief, Defendant set the schedule, hours, and pay of, controlled and directed the work of, and provided training and equipment to other persons employed as Drivers.

47. Accordingly, Plaintiff, NJ Class Plaintiffs, and FLSA Plaintiffs were employees of Defendant within the meaning of the NJWHL and FLSA.

48. Defendant, however, improperly classified Plaintiff and NJ Class Plaintiffs, and FLSA Plaintiffs as 1099 independent contractors.

49. Defendant failed to pay Plaintiff as well as NJ Class Plaintiffs and FLSA Plaintiffs overtime compensation as required by the NJWHL and FLSA.

50. Plaintiff, NJ Class Plaintiffs, and FLSA Plaintiffs do not qualify for any exemptions from the overtime requirements of the FLSA and NJWHL.

51. Plaintiff, NJ Class Plaintiffs, and FLSA Plaintiffs are/were, within the meaning of the FLSA and NJWHL, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

52. As a result of Defendant's aforesaid illegal and willful actions, Plaintiff, NJ Class Plaintiffs, and FLSA Plaintiffs have suffered damages.

53. In June 2025, after Defendant imposed new uniform requirements for Drivers, Plaintiff complained to Defendant's owner, George Hall ("Mr. Hall"), that Defendant had misclassified its drivers as independent contractors rather than employees.

54. Mr. Hall thereafter learned that Plaintiff had discussed the misclassification issue with some of Defendant's other Drivers.

55. Mr. Hall then called Plaintiff and told Plaintiff that Defendant had zero tolerance for the Drivers "huddling up."

56. During this call, Plaintiff again raised the misclassification issue and told Mr. Hall that Defendant's Drivers should receive overtime compensation since they are treated like employees.

57. As the call escalated, Plaintiff told Mr. Hall that he was feeling stress and anxiety such that his therapist recommended he take a couple of days off work.

58. Plaintiff thus took two (2) sick days from work, which he had earned pursuant to the New Jersey Earned Sick Leave Law.

59. When Plaintiff returned to work on or about July 27, 2025 following the two (2) sick days, Mr. Hall advised Plaintiff that he had forfeited the G-Route and was now demoted to an on-call Driver.

60. However, it became clear that Defendant actually terminated Plaintiff's employment, as Defendant never assigned Plaintiff an on-call shift and never contacted him further.

61. Accordingly, it is believed and thereafter averred that Defendant terminated Plaintiff's employment in retaliation for Plaintiff complaining about Defendant's failure to

properly pay overtime compensation and in retaliation for using earned sick time, in violation of the FLSA, NJWHL, and New Jersey Earned Sick Leave Law.

62. As a result of Defendant's illegal and willful actions, Plaintiff has suffered damages.

**COUNT I**
***Plaintiff Jariem Groover individually and on behalf of FLSA Plaintiffs***
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

63. Paragraphs 1 through 62 are hereby incorporated by reference as though the same were fully set forth at length herein.

64. The FLSA requires employers pay employees overtime compensation equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per work week.

65. Plaintiff and FLSA Class Plaintiffs were employees within the meaning of the FLSA and therefore entitled to overtime compensation equal to 1.5 times their regular rate of pay for all hours worked in excess of forty (40) hours per work week.

66. Plaintiff and FLSA Class Plaintiffs regularly worked over forty (40) hours per week but Defendant failed to pay them overtime compensation.

67. The foregoing actions of Defendant and the policies and practices of Defendant violated the FLSA.

68. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

69. Defendant is liable to Plaintiff and the FLSA Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and the FLSA Class Plaintiffs;

a. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Delivery Driver or in positions with substantially similar job duties and who were denied overtime compensation for all hours worked over forty (40) in a workweek, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

c. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

d. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and FLSA Class Plaintiffs for work performed in excess of forty (40) hours per week;

e. Awarding Plaintiff and FLSA Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

f. Awarding Plaintiff and FLSA Class Plaintiffs liquidated damages in accordance with the FLSA;

g. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

h. Awarding pre- and post-judgment interest and court costs as further allowed by law;

i. Granting Plaintiff and the FLSA Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

j. For all additional general and equitable relief to which Plaintiff and the FLSA Class Plaintiffs may be entitled.

**COUNT II**
***Plaintiff Jariem Groover individually***
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 215, *et seq.***
**RETALIATION**

70. Paragraphs 1 through 69 are hereby incorporated by reference as though the same were fully set forth at length herein.

71. Plaintiff engaged in protected activity under the FLSA as described above, including but not limited to complaining to Defendant about Defendant's unlawful failure to pay overtime and employee misclassification.

72. Defendant terminated Plaintiff's employment in retaliation for his protected activity under the FLSA.

73. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the FLSA by discriminating against and discharging Plaintiff in retaliation for engaging in protected activity under the FLSA.

74. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, Plaintiff prays for the following relief:

a. Back wages and front pay in an amount to be determined at trial;

b. Liquidated damages in accordance with the FLSA;

c. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

f. Pre-judgment interest in an appropriate amount;

g. Such other and further relief as is just and equitable under the circumstances.

**COUNT III**
***Plaintiff Jariem Groover individually and on behalf of NJ Class Plaintiffs***
**NEW JERSEY WAGE AND HOUR LAW**
**N.J.S.A. § 34:11-56a, *et seq.***
**<u>FAILURE TO PAY OVERTIME COMPENSATION</u>**

75. Paragraphs 1 through 74 are hereby incorporated by reference as though the same were fully set forth at length herein.

76. The NJWHL provides that an employer must pay certain minimum wages, including overtime wages, to its employees.

77. Specifically, employees must be paid at a rate not less than the greater of 1.5 times the employee's "regular hourly wage," or 1.5 times the minimum wage, for all hours worked over 40 in a workweek.

78. Plaintiff and NJ Class Plaintiffs were employees within the meaning of the NJWHL and therefore entitled to overtime compensation as required by the NJWHL.

79. Plaintiff and NJ Class Plaintiffs regularly worked over forty (40) hours per week but Defendant failed to pay them overtime compensation.

80. By their actions alleged above, Defendant has violated the provisions of the NJWHL by failing to properly pay overtime compensation to Plaintiff and NJ Class Plaintiffs.

81. As a result of Defendant's unlawful acts, Plaintiff and the NJ Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the NJWHL.

**WHEREFORE**, Plaintiff, on behalf of himself and the NJ Class Plaintiffs, prays for judgment against Defendant as follows:

a. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

b. An award to Plaintiff and the NJ Class Plaintiffs for the amount of unpaid overtime compensation to which they are/were entitled, including interest thereon, and penalties subject to proof;

c. An award to Plaintiff and the NJ Class Plaintiffs of 200% liquidated damages in accordance with the NJWHL;

d. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the New Jersey Wage and Hour Law; and

e. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable New Jersey law, and all such other relief as this Court may deem proper.

**COUNT IV**
***Plaintiff Jariem Groover individually***
**NEW JERSEY WAGE AND HOUR LAW**
**N.J.S.A. § 34:11-56a, *et seq.***
**RETALIATION**

82. Paragraphs 1 through 81 are hereby incorporated by reference as though the same were fully set forth at length herein.

83. Plaintiff engaged in protected activity under the NJWHL as described above, including but not limited to complaining to Defendant about Defendant's unlawful failure to pay overtime and employee misclassification.

84. Defendant terminated Plaintiff's employment in retaliation for his protected activity under the NJWHL.

85. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the NJWHL by discriminating against and discharging Plaintiff in retaliation for engaging in protected activity under the NJWHL.

86. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, Plaintiff prays for the following relief:

a. Back wages and front pay in an amount to be determined at trial;

b. 200% Liquidated damages in accordance with the NJWHL;

c. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

f. Pre-judgment interest in an appropriate amount;

g. Such other and further relief as is just and equitable under the circumstances.

**COUNT V**
***Plaintiff Jariem Groover individually***
**NEW JERSEY EARNED SICK LEAVE LAW**
**N.J.S.A. 34:11D-1 *et seq.***
**RETALIATION**

87. Paragraphs 1 through 86 are hereby incorporated by reference as though the same were fully set forth at length herein

88. The New Jersey Earned Sick Leave Law requires employers to provide employees one hour of sick leave for every thirty (30) hours worked.

89. Employees are permitted to use earned sick leave for "for diagnosis, care, or treatment of, or recovery from, an employee's mental or physical illness, injury or other adverse health condition, or for preventive medical care for the employee[.]"

90. The New Jersey Earned Sick Leave Law further provides: "No employer shall take retaliatory personnel action or discriminate against an employee because the employee requests or uses earned sick leave either in accordance with this act . . . . No employer shall count earned sick leave taken under this act as an absence that may result in the employee being subject to discipline, discharge, demotion, suspension, a loss or reduction of pay, or any other adverse action."

91. Plaintiff earned at least two (2) days of sick leave by working for Defendant that were available for him to use in July 2025.

92. Plaintiff took two (2) days of earned sick leave from work on or about July 25 and 26, 2025.

93. Defendant retaliated against Plaintiff by terminating his employment for using his earned sick time.

94. Plaintiff was an employee within the meaning of the New Jersey Earned Sick Leave Law such that he was entitled to the protections thereof.

**WHEREFORE**, Plaintiff prays for the following relief:

a. Back wages, front pay, and actual damages in an amount to be determined at trial;

b. Liquidated damages in accordance with the New Jersey Earned Sick Leave Law and NJWHL;

c. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

f. Pre-judgment interest in an appropriate amount;

g. Such other and further relief as is just and equitable under the circumstances.

**JURY DEMAND**

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: *<u>/s/ Jake Daniel Novelli, Esq.</u>*

Jake Daniel Novelli, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
jnovelli@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: March 23, 2026

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.